COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-07-381-CR

 

 

BEATE ELIZABETH EGERTON                                                APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
COUNTY CRIMINAL COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Beate Elizabeth
Egerton attempts to appeal from the trial court=s judgment sentencing her to thirty days= confinement for the offense of driving while intoxicated.  Because we do not have jurisdiction, we
dismiss the appeal.








The trial court signed the
judgment on September 11, 2007.  Egerton
did not file a motion for new trial; thus, her notice of appeal was due October
11, 2007.  See Tex. R. App. P. 26.2(a).  Egerton filed her notice of appeal on October
12, 2007, one day late.  See id.  On November 8, 2007, we sent notice to
Egerton that because of the apparent untimeliness of the appeal, we would
dismiss unless she responded with proof that she filed the notice of appeal by
mail on or before October 11, 2007.  See
Tex. R. App. P. 9.2(b)(1),
(2).  Egerton responded that she could
not provide any proof of timely mailing because she filed the untimely notice
of appeal in person.

A notice of appeal that
complies with the requirements of rule 26 is essential to vest this court with
jurisdiction.  See Olivo v. State,
918 S.W.2d 519, 522-23 (Tex. Crim. App. 1996); see also Slaton v. State,
981 S.W.2d 208, 210 (Tex. Crim. App. 1998). 
Because Egerton failed to timely file her notice of appeal, we have no
basis for jurisdiction over this appeal. 
Accordingly, we dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a), 43.2(f).

 

PER CURIAM

PANEL D: 
HOLMAN, GARDNER, and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
December 13, 2007   











[1]See
Tex. R. App. P. 47.4.